UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MARTIN J. WALSH, Secretary of Labor, United States Department of Labor, <br><br>  Plaintiff, <br><br> v. <br><br> IONIA HOTEL BUSINESS, INC., d/b/a AMERICAN INN AND SUITES IONIA, and MANHAL KASHAT, an individual <br><br>  Defendants. | ) ) ) ) ) ) ) Civil Action No.: ) ) ) ) ) ) ) ) |

## COMPLAINT

Pursuant to Section 217 of the Fair Labor Standards Act, of 1938, as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), Plaintiff, MARTIN J. WALSH, Secretary of Labor, United States Department of Labor ("Secretary"), brings this action to enjoin and restrain the Defendants IONIA HOTEL BUSINESS, INC., d/b/a AMERICAN INN AND SUITES IONIA, ("Ionia Hotel") and MANHAL KASHAT, an individual (collectively, "Defendants") from violating Sections 206, 207, 211, 215(a)(2) and/or 215(a)(5) of the FLSA and to recover unpaid compensation, plus an equal amount in liquidated damages pursuant to Section 216(c) of the Act (29 U.S.C. § 216(c)) for Defendants' employees.

The Secretary, through the Wage and Hour Division, conducted an investigation of Defendants for compliance with the FLSA. The Secretary's investigation reviewed Defendants' employment and pay practices from October 16, 2019 through October 15, 2021 (the

"Investigation Period"). Unless stated otherwise, all allegations and conditions described herein pertain to the Investigation Period.[1]

## Jurisdiction and Venue

1. This Court has jurisdiction of this case. 29 U.S.C. §§ 216(c), 217 and 28 U.S.C. § 1345.

2. This Court is the proper venue because all or a substantial part of the events or omissions giving rise to these allegations occurred in this judicial district.

## Defendants

3. Defendant Ionia Hotel is a corporation within this Court's jurisdiction with an office at 423 Brown Blvd., Ionia, Michigan 48846, where it operates as a hotel.

4. Defendant Kashat has actively managed and supervised Ionia Hotel's operations and its employees during the Investigation Period. Among other things, Kashat hires and fires employees, and sets their work schedules.

5. Defendant Kashat has acted directly or indirectly in Ionia Hotel's interests with respect to its employees and is therefore an "employer" under the FLSA. 29 U.S.C. § 203(d).

6. During the Investigation Period, Defendants engaged in business within Ionia County, within this Court's jurisdiction.

## The FLSA Applies to Defendants

---

[1] If Defendants continued to violate the FLSA after the Investigation Period, then the allegations and conditions of pay and employment disclosed are incorporated herein by reference and Defendants may owe additional back wages and liquidated damages to employees.

7. Ionia Hotel is an "enterprise" under the FLSA due to its related activities performed through unified operation or common control and for a common business purpose. 29 U.S.C. § 203(r).

8. Ionia Hotel is an "enterprise engaged in commerce" under the FLSA, because it had (i) two or more employees who are engaged in or produced goods for commerce; and (ii) an annual gross volume of sales or business done greater than $500,000 during the Investigation Period. 29 U.S.C. § 203(s)(1)(A).

**FLSA Violations**

9. Defendants repeatedly violated Sections 206 and 215(a)(2) of the FLSA when they failed to pay their employees at least $7.25 per hour. Ionia Hotel paid no wages to some of its employees[2] and paid less than $7.25 per hour to others. 29 U.S.C. §§ 206(a)(1), 215(a)(2).

10. Defendants repeatedly violated Sections 207 and 215(a)(2) of the FLSA when they failed to pay their employees one-and-one-half times their regular rates for hours worked in excess of 40 in a workweek.  Defendants paid workers a flat salary (which was sometimes nothing), and did not provide workers an overtime premium when they worked in excess of 40 hours in a workweek. 29 U.S.C. §§ 207(a)(1), 215(a)(2).

11. Defendants repeatedly violated Sections 211 and 215(a)(5) of the FLSA when they failed to keep complete and accurate records. 29 U.S.C. §§ 211, 215(a)(5), 29 C.F.R. Part 516.  For example, Defendants had no record at all for some employee work.  In other instances, Defendants documented employee shift assignments, but did not record the actual hours worked

---

[2] Defendants also provided some employees with a room at the hotel.  Sometimes Defendants charged the employees a nominal $0.01 room fee for the night, but other times Defendants charged employees what appears to be the public nightly room rate (e.g. $79.99 per night).

3

for those shifts or indicate if the assigned employee actually worked the shift. 29 U.S.C. §§ 211, 215(a)(5).

12. Moreover, Defendants repeatedly and willfully violated Sections 206, 207, 211, 215(a)(2) and/or 215(a)(5) of the FLSA, because Defendants knew or showed reckless disregard for whether the FLSA prohibited their conduct.

13. Specifically, Defendants acted willfully when they blatantly failed to pay sufficient—or sometimes any—wages required by the FLSA or to record accurate work hours for employees.

## Remedies Sought

14. As a result of their FLSA violations, Defendants owe the employees listed in Exhibit A back wages and liquidated damages, under 29 U.S.C. §§ 216(c), 217. If Defendants continued to violate the FLSA after the Investigation Period, then Defendants may owe additional back wages and liquidated damages to employees.

15. Defendants may also owe additional back wages and liquidated damages during the Investigation Period to employees whose identities are presently unknown to the Secretary.

16. Because Defendants repeatedly and willfully violated the FLSA, the Secretary is entitled to recover back wages and liquidated damages for a three-year period. 29 U.S.C. § 255(a).

## Prayer for Relief

As a result of Defendants' repeated and willful FLSA violations, the Secretary respectfully requests this Court enter an Order:

    A.    Permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those in active concert or participation with them, from violating Sections 206, 207, 211, 215(a)(2) and/or 215(a)(5) of the FLSA. 29 U.S.C. § 217(a).

    B.    Finding Defendants liable for unpaid minimum and overtime wages, plus an equal amount in liquidated damages, owing to the employees listed in Exhibit A, as well as to other of Defendants' employees not yet known to the Secretary. 29 U.S.C. § 216(c).

    C.    If the Court declines to award liquidated damages, then enjoining and restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding unpaid compensation found owing to Defendants' employees, plus prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury under 26 U.S.C. § 6621.

    D.    Providing such other relief as may be necessary and appropriate.

    E.    Awarding costs and granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

/s/ Jonathan Hoffmeister
JONATHAN HOFFMEISTER
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
404-302-5453

Hoffmeister.jonathan@dol.gov

**LOCAL COUNSEL:**

**MARK A. TOTTEN**
United States Attorney

**LAURA A. BABINSKY**
Assistant United States Attorney
Western District of Michigan
330 Ionia Avenue NW,
Suite 501
Grand Rapids, Michigan 49503
(616) 456-2404
Email: laura.babinsky@usdoj.gov

BENJAMIN R. SALK
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
312-353-2354
salk.benjamin.r@dol.gov

*Attorneys for Plaintiff Martin J. Walsh,*
*Secretary of Labor, United States Department*
*Of Labor*

## **EXHIBIT A**

Employee Name

1) Fuller, Troy
2) Galvin, Tara
3) Garvey, Jeri
4) Thacker, Trevor
5) Thomas, Ron
6) Wright, Kassie