**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | |
|---|---|
| **JULIE A. SU,** Acting Secretary of Labor, United States Department of Labor, | Case No. 1:23-cv-50 |
| Plaintiff, | Hon. Paul L. Maloney |
| v. | |
| **IONIA HOTEL BUSINESS, INC., et al.,** | |
| Defendants. | |

**CONSENT JUDGMENT AND ORDER**

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq.*) ("FLSA"), and Defendants Ionia Hotel Business, Inc., doing business as American Inn and Suites Ionia, and Manhal Kashat, individually (collectively "Defendants") have appeared by counsel, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1. Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2. Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Ionia Hotel Business, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

3. Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Ionia Hotel Business, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Acting Secretary. If Defendants credit toward any employee's wages Defendants' reasonable cost of

furnishing such employee with board, lodging, or other facilities, pursuant to 29 U.S.C. § 203(m), Defendants shall make, keep, and preserve all records required by 29 C.F.R. § 516.27.

4. Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

    a. Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

    b. Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship; or

    c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5. No later than 15 days after execution of this Consent Judgment, Defendants shall distribute a physical copy of the U.S. Department of Labor Wage and Hour Division's "Fact Sheet #23: Overtime Pay Requirements of the FLSA" ("Fact Sheet #23"), attached as Exhibit A (English) and Exhibit B (Spanish), and "Fact Sheet #17A: Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standards Act (FLSA)" ("Fact Sheet #17A"), attached as Exhibit C (English) and Exhibit D (Spanish), to each current employee of any business operated by any Defendant in a language in which the employee is fluent. For a period of no less than 3 years after the execution of this Consent Judgment, Defendants shall post and maintain in one or more conspicuous places at

their worksite, including in any place where posters for employees are customarily posted, copies of Fact Sheet #23 and Fact Sheet #17A in English and in Spanish.

6. Any outstanding debts purportedly owed to any Defendant by any employee listed on Exhibit E related to lodging provided to such employee between October 26, 2019, and September 4, 2021, are extinguished upon execution of this of this consent order and judgment by the parties. Defendants shall not attempt to collect any such purported debts, engage any agent to do so, or convey or purport to convey to any other party a right to collect such a debt. For the avoidance of doubt, the Acting Secretary does not represent, and the Court does not find, that any such purported debts are valid or would be due and owing in the absence of this Consent Judgment.

7. FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $110,000.00, as set forth in Exhibit E, plus post-judgment interest should Defendants fail to deliver payment at the time and in the manner set forth herein.

8. The Acting Secretary shall recover from Defendants the sum of $55,000.00 in unpaid minimum wage and overtime compensation covering the period from October 26, 2019, through September 4, 2021, for Defendants' current and former employees whose names are listed in the attached Exhibit E, and the additional sum of $55,000.00 in liquidated damages.

    a. At the time of Defendants' execution of this Consent Judgment, Defendants shall deliver payment in the amount of $110,000.00 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

    b. Defendants shall also furnish to the Acting Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit E.

4

      c.      Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

      d.      Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Order and Judgment.

      e.      If an individual named on Exhibit E refuses any sums paid under this Consent Order and Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Acting Secretary for deposit as above. Defendants shall have no further obligations with respect to such monies.

      f.      Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

      g.      The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit E, nor shall the provisions in any way affect any legal right of any individual named on Exhibit E to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

9.      By entering into this Consent Judgment, the Acting Secretary does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to

take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this _____ day of _____, 20___.

_____
Hon. Paul L. Maloney
United States District Judge

Entry of this judgment is hereby consented to:

Dated: 3/29/24

IONIA HOTEL BUSINESS, INC.

by: *[signature]*

its CM

*[signature]*
MANHAL KASHAT, individually

*[signature]*
GREGORY J. ROHL
Law Offices of Gregory J. Rohl, P.C.
4051 Haggerty Road
West Bloomfield, MI 48323
Tel: (248) 380-9404
Email: greg@rohllaw.com

*Attorney for Defendants*

*[signature]*
KLINT KESTO
CO-COUNSEL FOR DEFENDANTS

SEEMA NANDA
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

*Jonathan Hoffmeister*
JONATHAN HOFFMEISTER
Senior Trial Attorney
BENJAMIN R. SALK
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Tel: (312) 886-5260
Email: hoffmeister.jonathan@dol.gov
         salk.benjamin.r@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting Secretary of Labor, United States Department of Labor*

7