**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| **JULIE A. SU,** Acting Secretary of Labor, | : | Case No. 1:23-cv-50 |
| United States Department of Labor, | : | |
| | : | |
| Plaintiff, | : | Hon. Paul L. Maloney |
| v. | : | |
| | : | |
| **IONIA HOTEL BUSINESS, INC., et al.,** | : | |
| | : | |
| Defendants. | : | |
| | : | |

## CONSENT JUDGMENT AND ORDER

Plaintiff, Julie A. Su, Acting Secretary of Labor, United States Department of Labor ("Acting Secretary"), has filed a complaint under the Fair Labor Standards Act of 1938 as amended (29 U.S.C. § 201 *et seq*.) ("FLSA"), and Defendants Ionia Hotel Business, Inc., doing business as American Inn and Suites Ionia, and Manhal Kashat, individually (collectively "Defendants") have appeared by counsel, and agree to the entry of this Consent Judgment and Order ("Consent Judgment") without contest.

Defendants admit and the Court finds Defendants are engaged in related activities performed through unified operation or common control for a common business purpose and are an "enterprise" under 29 U.S.C. § 203(r) of the FLSA.

Defendants admit and the Court finds Defendants are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(1)(A) of the FLSA.

Defendants admit and the Court finds Defendants are employers as defined in 29 U.S.C. § 203(d) of the FLSA.

Upon motion of attorneys for the Acting Secretary and Defendants and for cause shown, it is:

ORDERED, ADJUDGED, AND DECREED, pursuant to section 17 of the FLSA that Defendants, their officers, agents, servants, and all persons acting or claiming to act on their behalf and interest be, and they hereby are, permanently enjoined and restrained from violating the provisions of sections 6, 7, 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, in any of the following manners:

1.      Defendants shall not, contrary to 29 U.S.C. §§ 206 and 215(a)(2), pay to any of their employees who in any workweek are engaged in commerce or in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the FLSA, wages at rates less than $7.25 an hour, or any rate subsequently made applicable by amendment to the FLSA.

2.      Defendants shall not, contrary to 29 U.S.C. §§ 207 and 215(a)(2), employ any of their employees including, but not limited to, any of their employees working at Ionia Hotel Business, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the FLSA, for workweeks longer than forty hours, unless said employees receive compensation for their employment in excess of forty hours at a rate equivalent to one and one-half times the regular rate at which they are employed.

3.      Defendants shall make, keep, and preserve adequate records of their employees and of the wages, hours, and other conditions and practices of employment maintained by them including, but not limited to, any of their employees working at Ionia Hotel Business, Inc., or at any business location owned, operated, and/or controlled by Defendants, and at any other business location at which their employees perform work, as prescribed by the Regulations issued pursuant to 29 U.S.C. §§ 211(c) and 215(a)(5) and found at 29 C.F.R. Part 516. Defendants shall make such records available at all reasonable times to representatives of the Acting Secretary. If Defendants credit toward any employee's wages Defendants' reasonable cost of

furnishing such employee with board, lodging, or other facilities, pursuant to 29 U.S.C. § 203(m), Defendants shall make, keep, and preserve all records required by 29 C.F.R. § 516.27.

4.      Pursuant to 29 U.S.C. § 215(a)(3), Defendants shall not discharge or take any retaliatory action against any of their current or former employees because the current or former employee engages in any of the following activities:

a.      Discloses, or threatens to disclose, to a supervisor or to a public agency, any activity, policy, or practice of the Defendants or another employer, with whom there is a business relationship, that the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA;

b.      Provides information to, or testifies before, any public agency or entity conducting an investigation, hearing or inquiry into any alleged violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA, by the Defendants or another employer with whom there is a business relationship; or

c.      Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes is in violation of the FLSA, or a rule or regulation promulgated pursuant to the FLSA.

5.      No later than 15 days after execution of this Consent Judgment, Defendants shall distribute a physical copy of the U.S. Department of Labor Wage and Hour Division's "Fact Sheet #23: Overtime Pay Requirements of the FLSA" ("Fact Sheet #23"), attached as Exhibit A (English) and Exhibit B (Spanish), and "Fact Sheet #17A: Exemption for Executive, Administrative, Professional, Computer & Outside Sales Employees Under the Fair Labor Standards Act (FLSA)" ("Fact Sheet #17A"), attached as Exhibit C (English) and Exhibit D (Spanish), to each current employee of any business operated by any Defendant in a language in which the employee is fluent. For a period of no less than 3 years after the execution of this Consent Judgment, Defendants shall post and maintain in one or more conspicuous places at

their worksite, including in any place where posters for employees are customarily posted, copies of Fact Sheet #23 and Fact Sheet #17A in English and in Spanish.

6.     Any outstanding debts purportedly owed to any Defendant by any employee listed on Exhibit E related to lodging provided to such employee between October 26, 2019, and September 4, 2021, are extinguished upon execution of this of this consent order and judgment by the parties. Defendants shall not attempt to collect any such purported debts, engage any agent to do so, or convey or purport to convey to any other party a right to collect such a debt. For the avoidance of doubt, the Acting Secretary does not represent, and the Court does not find, that any such purported debts are valid or would be due and owing in the absence of this Consent Judgment.

7.     FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to section 16(c) of the Act, in favor of the Acting Secretary and against Defendants in the total amount of $110,000.00, as set forth in Exhibit E, plus post-judgment interest should Defendants fail to deliver payment at the time and in the manner set forth herein.

8.     The Acting Secretary shall recover from Defendants the sum of $55,000.00 in unpaid minimum wage and overtime compensation covering the period from October 26, 2019, through September 4, 2021, for Defendants' current and former employees whose names are listed in the attached Exhibit E, and the additional sum of $55,000.00 in liquidated damages.

a.     At the time of Defendants' execution of this Consent Judgment, Defendants shall deliver payment in the amount of $110,000.00 by ACH transfer, credit card, debit card, or digital wallet at https://www.pay.gov/public/form/start/77692637 or www.pay.gov and searching "WHD Back Wage Payment – Midwest Region".

b.     Defendants shall also furnish to the Acting Secretary the full name, last-known address, last-known phone number, and social security number for each employee named in Exhibit E.

   c.  Upon receipt of full payment from Defendants, representatives of the Acting Secretary shall distribute such amounts, less appropriate deductions for federal income withholding taxes and the employee's share of the social security (F.I.C.A.) tax, to the employees or their legal representative as their interests may appear, in accordance with the provisions of section 16(c) of the FLSA. Defendants remain responsible for the employer's share of F.I.C.A. arising from or related to the back wages distributed by the Acting Secretary.

   d.  Neither Defendants nor anyone on their behalf shall directly or indirectly solicit or accept the return of any sums paid under this Consent Order and Judgment.

   e.  If an individual named on Exhibit E refuses any sums paid under this Consent Order and Judgment by attempting to return them to Defendants or to anyone on Defendants' behalf, Defendants shall refuse to accept them and shall ensure that all such sums be immediately paid to the Acting Secretary for deposit as above. Defendants shall have no further obligations with respect to such monies.

   f.  Any monies not disbursed by the Department of Labor after three years from the date of payment by Defendants, because of the inability to locate the proper persons or because of their refusal to accept payment, shall be deposited into the Treasury of the United States as miscellaneous receipts, pursuant to section 16(c) of the FLSA.

   g.  The provisions of this Consent Judgment shall not in any way affect any legal right of any individual not named on Exhibit E, nor shall the provisions in any way affect any legal right of any individual named on Exhibit E to file any action against Defendants for any violations alleged to have occurred outside the relevant period.

  9.  By entering into this Consent Judgment, the Acting Secretary does not waive her right to conduct future investigations of Defendants under the provisions of the FLSA and to

take appropriate enforcement action, including assessment of civil money penalties pursuant to 29 U.S.C. § 216(e), with respect to any violations disclosed by such investigations.

It is FURTHER ORDERED that each party shall bear their own costs, fees and other expenses incurred by such party in connection with any stage of this proceeding, but not limited to, attorney fees which may be available under the Equal Access to Justice Act, as amended.

Dated this ____3rd____ day of ____April____, 20_24.

_____/s/ Paul L. Maloney_____
Hon. Paul L. Maloney
United States District Judge

Entry of this judgment is hereby consented to:

**Dated:** _3/29/24_

**IONIA HOTEL BUSINESS, INC.**

by: _____,

its _____

_____
**MANHAL KASHAT,** individually

_____
**GREGORY J. ROHL**
Law Offices of Gregory J. Rohl, P.C.
4051 Haggerty Road
West Bloomfield, MI 48323
Tel: (248) 380-9404
Email: greg@rohllaw.com

*Attorney for Defendants*

_____

KLINT KESTO

CO-COUNSEL FOR DEFENDANTS

**SEEMA NANDA**
Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*Jonathan Hoffmeister*
**JONATHAN HOFFMEISTER**
Senior Trial Attorney
**BENJAMIN R. SALK**
Trial Attorney
U.S. Department of Labor
Office of the Solicitor
230 South Dearborn Street, Rm. 844
Chicago, Illinois 60604
Tel: (312) 886-5260
Email: hoffmeister.jonathan@dol.gov
        salk.benjamin.r@dol.gov

*Attorneys for Plaintiff Julie A. Su, Acting
Secretary of Labor, United States
Department of Labor*

Exhibit A

# Sheet #23: Overtime Pay Requirements of

**ober 2019**

: On August 30, 2023, the Department of Labor (Department) announced issuance of a <u>Notice of Proposed</u> king (NPRM), <u>*Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sar*</u> <u>*er Employees*</u>. The NPRM proposes to update and revise the regulations issued under section 13(a)(1) of th tandards Act implementing the exemption from minimum wage and overtime pay requirements for execu trative, and professional employees. Proposed revisions include increasing the standard salary level and t ompensated employee total annual compensation threshold, as well as providing an automatic updating ism that would allow for the timely and efficient updating of all the thresholds to reflect current earnings

et provides general information concerning the application of the <u>overtime pay </u>provisions of the <u>FLSA </u>.

## teristics

who requires or permits an employee to work overtime is generally required to pay the employee premiu e work.

## ements

ically exempted, employees covered by the Act must receive overtime pay for hours worked in excess of 40 a rate not less than time and one-half their regular rates of pay. There is no limit in the Act on the number ged 16 and older may work in any workweek. The Act does not require <u>overtime pay </u>for work on Saturday egular days of rest, as such.

es on a workweek basis. An employee's workweek is a fixed and regularly recurring period of 168 hours -- s 24-hour periods. It need not coincide with the calendar week, but may begin on any day and at any hour of kweeks may be established for different employees or groups of employees. Averaging of hours over two c permitted. Normally, overtime pay earned in a particular workweek must be paid on the regular pay day fc ch the wages were earned.

ate of pay cannot be less than the <u>minimum wage </u>. The regular rate includes all remuneration for employ nts excluded by the Act itself. Payments which are not part of the regular rate include pay for expenses in

ash payments are made to employees in the form of goods or facilities, the reasonable cost to the employe goods or facilities must be included in the regular rate.

# Problems

r Varying Amounts of Overtime: A lump sum paid for work performed during overtime hours without regar vertime hours worked does not qualify as an overtime premium even though the amount of money paid is the sum owed on a per-hour basis. For example, no part of a flat sum of $180 to employees who work over qualify as an overtime premium, even though the employees' straight-time rate is $12.00 an hour and the e less than 10 hours on Sunday. Similarly, where an agreement provides for 6 hours pay at $13.00 an hour re ally spent for work on a job performed during overtime hours, the entire $78.00 must be included in deter egular rate.

orkweek Exceeding 40 Hours: A fixed salary for a regular workweek longer than 40 hours does not discharge igations. For example, an employee may be hired to work a 45 hour workweek for a weekly salary of $405. regular rate is obtained by dividing the $405 straight-time salary by 45 hours, resulting in a regular rate of $ then due additional overtime computed by multiplying the 5 overtime hours by one-half the regular rate o

y May Not Be Waived: The overtime requirement may not be waived by agreement between the employer a n agreement that only 8 hours a day or only 40 hours a week will be counted as working time also fails the An announcement by the employer that no overtime work will be permitted, or that overtime work will no rized in advance, also will not impair the employee's right to compensation for compensable overtime hou

## to Obtain Additional Information

ional information, visit our Wage and Hour Division Website: ww.dol.gov/agencies/whd and/or call our toll-free information and helpline, 8 a.m. to 5 p.m. in your time zone, 1-866-4USWAGE (1-866-487-9243).

cation is for general information and is not to be considered in the same light as official ts of position contained in the regulations.



**Exhibit B**

# de datos #23: Requisitos para el pago de
# etiempo bajo la Ley de Normas Razonable
# ajo

**7**

nica ofrece información general con respecto a la aplicación de las disposiciones de la Ley de Normas Raz
A) para el pago de sobretiempo.

## erísticas

or que requiere o permite que un empleado trabaje sobretiempo generalmente debe pagar al empleado un
sobretiempo.

## tos

estén expresamente exentos, los empleados bajo el alcance de la Ley deben recibir el pago de sobretiemp
tiempo y medio de la tasa regular de pago del trabajador por cada hora trabajada en exceso de 40 en una s
ey no establece limitaciones con respecto al número de horas que los empleados mayores de 16 años pued
na laboral. La Ley no requiere el pago de sobretiempo por trabajar los sábados, domingos, feriados o días

ca por semana laboral. La semana laboral de un empelado es un período fijo y regularmente recurrente d
s consecutivos de 24 horas. No es necesario que coincida con una semana calendario, sino que puede con
y a cualquier hora. Se pueden establecer diferentes semanas laborales para diferentes empleados o grup
No se permite un promedio de horas entre dos o más semanas. Por lo general, el pago de sobretiempo dev
en particular debe realizarse en el día de pago habitual para el período en el cual fue ganado.

ar de pago no puede ser inferior al salario mínimo. La tasa regular incluye toda remuneración por el emple
s excluidos por la Ley misma. Los pagos que no son parte de la tasa regular incluyen el pago de gastos incu
ón del empleador, pagos de primas por sobtretiempo trabajado o las primas verdaderas pagadas por el tra
mingos y feriados, bonos discrecionales, obsequios y pagos en forma de obsequio en ocasiones especiales
sionales cuando no se realiza trabajo debido a vacaciones, feriados o enfermedad.

s pueden determinarse en base a destajo o por pieza, salario, comisión u otros criterios, pero en todos los
retiempo adeudado deberá computarse en base a la tasa por hora promedio derivada de tales ganancias. E
nde el pago total por emplo (con la excepción de las exclusiones nombradas por ley mencionadas ant

# mas típicos

a cantidades variables de sobretiempo: un monto por trabajo realizado durante las horas de sobretiempo
nero de horas de sobretiempo trabajadas no se considera una prima de sobretiempo aunque la cantidad
gual o mayor a la suma adeudada basada en la tasa por hora. Por ejemplo, ninguna parte de un monto de
ue trabajan sobretiempo un domingo se considerará como una prima de sobretiempo, aunque la tasa por
ea de $12.00 la hora y los empleados siempre trabajen menos de 10 horas el domingo. Del mismo modo, c
blece un pago de 6 horas a $13.00 por hora independientemente del tiempo real dedicado al trabajo realiz
sobretiempo, la totalidad de los $78.00 debe incluirse para determinar la tasa regular de los empleados.

a semana laboral que excede las 40 horas: un salario fijo por una semana laboral regular que exceda las 40
na exención de las obligaciones establecidas en la FLSA. Por ejemplo, un empleado puede ser contratado p
semana laboral por un salario semanal de $405. En este caso la tasa regular que se obtiene dividiendo los
o por 45 horas es de $9.00. Entonces al empleado se le adeuda el pago de sobretiempo adicional calculado
o las 5 horas de sobretiempo por la mitad de la tasa regular de pago ($4.50 x 5 = $22.50).

renunciar al pago de sobretiempo: no se puede renunciar al requisito de sobretiempo por un acuerdo entr
empleados. Un acuerdo que establezca que sólo se computarán como horas trabajadas 8 horas por día o s
tampoco cumple con la Ley de Normas Razonables de Trabajo. Un anuncio por parte del empleador estable
rá trabajar sobretiempo, o que el sobretiempo no se pagará a menos que sea autorizado por adelantado, t
derecho del trabajador a una retribución por las horas de sobretiempo trabajadas.

## Se Puede Conseguir Información Adicional

seguir información adicional visite nuestro "Web site" de Horas y Sueldos bajo la
: http://www.wagehour.dol.gov y/o llame a nuestra línea de información y
a, gratuitamente, disponible de 8 de la mañana a 5 de la tarde en su huso horario, 1-
WAGE (1-866-487-9243).



ito de esta publicación es servir de información general y no se debe pensar que
el mismo peso que tiene una postura oficial contenida en los reglamentos.

ontents of this document do not have the force and effect of law and are not meant to bind the public in any way. Thi

**Exhibit C**

# Sheet #17A: Exemption for Executive, ...inistrative, Professional, Computer & Out... Employees Under the Fair Labor Standar... ...FLSA)

...tember 2019

...: On August 30, 2023, the Department of Labor (Department) announced issuance of a <u>Notice of Proposed</u> <u>...king (NPRM),</u> *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sa...* *...r Employees*. The NPRM proposes to update and revise the regulations issued under section 13(a)(1) of th... ...tandards Act implementing the exemption from minimum wage and overtime pay requirements for execu... ...rative, and professional employees. Proposed revisions include increasing the standard salary level and t... ...ompensated employee total annual compensation threshold, as well as providing an automatic updating ... ...nism that would allow for the timely and efficient updating of all the thresholds to reflect current earnings ...

...epartment of Labor revised the regulations located at 29 C.F.R. part 541 with an effective date of January 1... ... to enforce the 2004 part 541 regulations through December 31, 2019, including the $455 per week standar... ...0,000 annual compensation level for Highly Compensated Employees. The final rule is available at: ...<u>federalregister.gov/documents/2019/09/27/2019-20353/defining-and-delimiting-the-exemptions-for-exec...</u> <u>...e-professional-outside-sales-and</u>.

...et provides general information on the exemption from minimum wage and overtime pay provided by Sect... ...s defined by Regulations, <u>29 C.F.R. Part 541</u>.

...uires that most employees in the United States be paid at least the <u>federal minimum wage</u> for all hours wo... ... at not less than time and one-half the regular rate of pay for all hours worked over 40 hours in a workwee...

...ction 13(a)(1) of the FLSA provides an exemption from both <u>minimum wage</u> and <u>overtime pay</u> for employee... ...xecutive, administrative, professional and outside sales employees. Section 13(a)(1) and Section 13(a)(17... ...in computer employees. To qualify for exemption, employees generally must meet certain tests regarding ... ...e paid on a salary basis at not less than $684<u>*</u> per week. Employers may use nondiscretionary bonuses an... ...cluding commissions) paid on an annual or more frequent basis, to satisfy up to 10 percent of the standar... ...es do not determine exempt status. In order for an exemption to apply, an employee's specific job duties a...

## strative Exemptions

the administrative employee exemption, all of the following tests must be met:

ployee must be compensated on a <u>salary</u> or fee basis (as defined in the regulations) at a rate not less than

ployee's primary duty must be the performance of office or non-manual work directly related to the mana business operations of the employer or the employer's customers; and

ployee's primary duty includes the exercise of discretion and independent judgment with respect to matt ance.

## sional Exemption

the **learned professional** employee exemption, all of the following tests must be met:

ployee must be compensated on a <u>salary</u> or fee basis (as defined in the regulations) at a rate not less than

ployee's primary duty must be the performance of work requiring advanced knowledge, defined as work minantly intellectual in character and which includes work requiring the consistent exercise of discretion a nt;

vanced knowledge must be in a field of science or learning; and

vanced knowledge must be customarily acquired by a prolonged course of specialized intellectual instruct

the **creative professional** employee exemption, all of the following tests must be met:

ployee must be compensated on a salary or fee basis (as defined in the regulations) at a rate not less than

ployee's primary duty must be the performance of work requiring invention, imagination, originality or ta ized field of artistic or creative endeavor.

## ter Employee Exemption

the computer employee exemption, the following tests must be met:

ployee must be compensated **either** on a <u>salary</u> or fee basis (as defined in the regulations) at a rate not le er week **or**, if compensated on an hourly basis, at a rate not less than $27.63 an hour;

ployee must be employed as a computer systems analyst, computer programmer, software engineer or ot worker in the computer field performing the duties described below;

use of facilities for which a consideration will be paid by the client or customer; and
ployee must be customarily and regularly engaged away from the employer's place or places of business.

# Compensated Employees

ensated employees performing office or non-manual work and paid total annual compensation of $107,43
include at least $684* per week paid on a salary or fee basis) are exempt from the FLSA if they customarily
form at least one of the duties of an exempt executive, administrative or professional employee identified
s for exemption.

# ollar Workers

ons provided by FLSA Section 13(a)(1) apply only to "white-collar" employees who meet the salary and dut
art 541 regulations. The exemptions do not apply to manual laborers or other "blue-collar" workers who p
etitive operations with their hands, physical skill and energy. FLSA-covered, non-management employees
maintenance, construction and similar occupations such as carpenters, electricians, mechanics, plumbers,
tsmen, operating engineers, longshoremen, construction workers and laborers are entitled to minimum w
mium pay under the FLSA, and are not exempt under the Part 541 regulations no matter how highly paid th

# Fire Fighters, Paramedics & Other First Responders

ons also do not apply to police officers, detectives, deputy sheriffs, state troopers, highway patrol officers,
, inspectors, correctional officers, parole or probation officers, park rangers, fire fighters, paramedics, eme
nicians, ambulance personnel, rescue workers, hazardous materials workers and similar employees, regar
who perform work such as preventing, controlling or extinguishing fires of any type; rescuing fire, crime or
enting or detecting crimes; conducting investigations or inspections for violations of law; performing surve
training and apprehending suspects; detaining or supervising suspected and convicted criminals, includin
parole; interviewing witnesses; interrogating and fingerprinting suspects; preparing investigative reports;

# aws & Collective Bargaining Agreements

vides minimum standards that may be exceeded, but cannot be waived or reduced. Employers must comp
h any Federal, State or municipal laws, regulations or ordinances establishing a higher minimum wage or l
orkweek than those established under the FLSA. Similarly, employers may, on their own initiative or under
greement, provide a higher wage, shorter workweek, or higher overtime premium than provided under the
gaining agreements cannot waive or reduce FLSA protections, nothing in the FLSA or the Part 541 regulatio

ts of position contained in the regulations.

ontents of this document do not have the force and effect of law and are not meant to bind the public in any way. Thi ment is intended only to provide clarity to the public regarding existing requirements under the law or agency policie

**Exhibit D**

# de Datos # 17A: Exención para Ejecutivos,
# inistradores, Profesionales, Empleados d
# rmática y Ventas Exteriores Bajo la Ley de
# nas Razonables de Trabajo (FLSA)

**2020**

: On August 30, 2023, the Department of Labor (Department) announced issuance of a <u>Notice of Proposed</u>
<u>king (NPRM)</u>, *Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sal*
*er Employees*. The NPRM proposes to update and revise the regulations issued under section 13(a)(1) of th
tandards Act implementing the exemption from minimum wage and overtime pay requirements for execut
trative, and professional employees. Proposed revisions include increasing the standard salary level and t
ompensated employee total annual compensation threshold, as well as providing an automatic updating
ism that would allow for the timely and efficient updating of all the thresholds to reflect current earnings

datos ofrece información general sobre la exención a salario mínimo y pago de sobretiempo de la Sección
uerdo a Regulaciones, <u>29 CFR Parte 541</u>.

iere que a la mayor parte de los empleados en Estados Unidos se les pague al menos el <u>salario mínimo fed</u>
as trabajadas y pago de <u>sobretiempo</u> a no menos de tiempo y medio de la tasa regular por todas las horas
e 40 horas por semana laboral.

la Sección 13(a)(1) de la FLSA provee una exención al salario mínimo y pago de sobretiempo a los emplea
n cargos como ejecutivos, administradores, profesionales y vendedores al exterior. La Sección 13(a)(1) y 13
ntan a ciertos empleados de informática. Para calificar para exención, los empleados generalmente deben
os respecto a sus responsabilidades laborales y ser pagados en base a un salario no menor a $684<u>*</u> por se
pueden usar bonos no discrecionales y pagos de incentivos (incluidas comisiones) pagados anualmente
ara satisfacer hasta el 10 por ciento del nivel base salarial. Los títulos de los cargos no determinan el estatu
ra que aplique una exención, las responsabilidades específicas al puesto del empleado y su salario deben
erios de las regulaciones del Departamento.

as hojas de datos de esta serie para obtener más información sobre las exenciones para ejecutivos, admin
, empleados informáticos y de ventas al exterior, y para información adicional sobre el requisito en base a

para la exención de empleados administrativos todos estos criterios se deben cumplir:

leado debe ser pagado en base a un <u>sueldo</u> o tasa (como definen las regulaciones) a una tarifa no inferior a
a;

cipal responsabilidad del empleado debe ser el desempeño de tareas de oficina o no manuales directame
nadas a la gerencia o a operaciones generales de la empresa o de los clientes del empleador; y

onsabilidad principal del empleado incluye el ejercer criterio y juicio independiente sobre asuntos de imp

## ón Profesional

para la exención de **profesional docto**, se deben cumplir todos estos criterios:

e pagar al empleado a base a un <u>sueldo</u> o tasa (como definen las regulaciones) a una tarifa no inferior a $6
a;

cipal responsabilidad del empleado debe ser el desempeño de trabajo que exija conocimientos avanzados
jo de índole predominantemente intelectual y que incluye asuntos que exigen un uso consistente de disce

nocimientos avanzados deben referirse al campo científico o de sabiduría; y

nocimientos avanzados se deben adquirir normalmente un curso prolongado de la instrucción intelectual
alizada,

a la exención de empleado **profesional creativo**, se deben cumplir todos estos criterios:

e pagar al empleado a base a un <u>sueldo</u> o tasa (como definen las regulaciones) a una tarifa no inferior a $6
a;

cipal responsabilidad del empleado debe ser el desempeño de un trabajo que requiera invención, imagina
lidad o talento en un reconocido campo artístico ocreativo.

## ón para Empleados de Computadoras

a la exención de empleado de computadoras se deben cumplir todos estos criterios:

e pagar al empleado o en a base a un <u>sueldo</u> o a una tasa (como definen los 3 reglamentos) a una tarifa no
por semana o, si se le paga por horas, a una tarifa no inferior a $27.63 por hora;

leado debe tener empleo como analista de sistemas informáticos, programador de computadoras, ingenie
mas informáticos, u otro empleado con habilidades semejantes en el campo de las computadoras desemp
rabajo descritas:

cipal tarea del empleado debe consistir de:

plicación de técnicas de análisis de sistemas y procedimientos, incluidas consultas con usuarios, para dete

## dos Altamente Retribuidos

ltamente retribuidos realizando trabajo de oficina o no manual y pagados anualmente una compensación
ebe incluir al menos $684* por semana en base a salario o tasa) están exentos a la FLSA si habitual y regula
al menos una de las responsabilidades de un empleado exento ejecutivo, administrativo o profesional ide
ormales para exención.

## S

es provistas por la Sección 13(a)(1) de FLSA aplican sólo a empleados profesionales que cumplen con los c
en la Parte 541 de las regulaciones. Las exenciones no aplican a trabajadores manuales o a otros obreros
os en trabajos que involucran maniobras repetitivas con las manos, habilidad física y energía. Empleados
o gerentes en producción, mantenimiento, construcción y ocupaciones semejantes como carpinteros, elec
lomeros, fundidores, artesanos, operadores, estibadores, trabajadores de la construcción y obreros por di
ario mínimo y prima por sobretiempo bajo la FLSA, y no están exentos según la Parte 541 de las regulacio
temente de qué altamente sean pagados.

## s, Bomberos, Paramédicos y Otros Agentes de Respuesta In

es tampoco aplican a policías, detectives, adjuntos a sheriff, patrulleros de carretera estatales, investigado
oficiales de prisiones, agentes judiciales de permisos y vigilancia, guardabosques, bomberos, paramédico
ia médica, personal de ambulancia, trabajadores de rescate, trabajadores de materiales peligrosos y empl
ndependientemente de rango o nivel salarial, que desempeñan trabajos tales como prevenir, controlar o a
alquier tipo; rescatar víctimas de fuegos, crímenes o accidentes; prevenir o detectar crímenes; investigar o
violaciones a la ley; monitorear; perseguir, inmovilizar y arrestar sospechosos; detener o supervisar crimin
onvictos, incluso aquéllos bajo custodia vigilada o en libertad condicional; entrevistar a testigos; interroga
les a sospechosos; preparar informes de investigación; o cualquier otro trabajo parecido.

## eyes y Acuerdos de Negociación Colectiva

ee normas mínimas que se pueden exceder, pero que no pueden ser saltadas o reducidas. Los empleadore
ejemplo, con cualquier ley, reglamento u ordenanza Federal, Estatal o municipal que establezca un salario
e un máximo inferior por semana laboral a aquéllos que establece la FLSA. Asimismo, los empleadores pu
a cuenta o bajo un acuerdo de negociación colectiva, proveer un salario superior, una semana laboral más
o por sobretiempo superiores a aquéllas que provee la FLSA. Aunque los acuerdos de negociación colectiva
educir las protecciones de la FLSA, nada en la FLSA o en la regulación Parte 541 exonere a empleadores d
contractuales bajo dichos acuerdos de negociación colectiva.



ito de esta publicación es servir de información general y no se debe pensar que
el mismo peso que tiene una postura oficial contenida en los reglamentos.

ontents of this document do not have the force and effect of law and are not meant to bind the public in any way. Thi
nent is intended only to provide clarity to the public regarding existing requirements under the law or agency policie

**EXHIBIT E**

| Employee | Back Wages | Liquidated Damages |
|---|---|---|
| Fuller, T. | $20,305.83 | $20,305.83 |
| Galvin, T. | $5,319.14 | $5,319.14 |
| Garvey, J. | $16,885.92 | $16,885.92 |
| Thacker, T. | $6,132.57 | $6,132.57 |
| Thomas, R. | $6,032.45 | $6,032.45 |
| Wright, K. | $324.09 | $324.09 |
| **TOTAL:** | **$55,000.00** | **$55,000.00** |